UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE TORRES,<br><br>        Plaintiff,<br><br>    v.<br><br>FCA US LLC,<br><br>        Defendant. | Case No. 1:24-cv-00948-KES-CDB<br><br>ORDER DIRECTING PLAINTIFF TO FILE A DECLARATION AND ACCOMPANYING MOTION TO SEAL PURSUANT TO LOCAL RULE 141<br><br>(Doc. 10)<br><br>**<u>7-day Deadline</u>** |

      Plaintiff Jorge Torres ("Plaintiff") initiated this action with the filing of a complaint against Defendant FCA US LLC ("Defendant") on June 20, 2024, in the Superior Court of California, County of Kern, entitled *Jorge Torres v. FCA US LLC*, Case No. BCV-24-102086.  (Doc. 1). Defendant removed the state action to this Court on August 18, 2024. (*Id.*).  Plaintiff asserts breach of express warranty under California's Song-Beverly Consumer Warranty Act.  (*Id.* ¶ 2).

      On November 20, 2024, the parties filed a joint notice of settlement.  (Doc. 7).  On November 21, 2024, in light of the joint notice, the Court found good cause to extend the deadline under Local Rule 160(b) to file dispositional documents, set the deadline within 45 days of the entry of the order (*i.e.*, no later than January 6, 2025) and vacated all case management dates. (Doc. 8).  On January 8, 2025, the Court noted the deadline has passed and the parties failed to file either dispositional documents, a timely request for extension, or otherwise explain the delinquency to the Court.  (Doc. 9).  Thus, the Court ordered the parties to show cause ("OSC") in

writing within three days of entry of the order why sanctions should not be imposed for their failure to timely file dispositional documents. (*Id.*).

Pending before the Court is counsel for Plaintiff's timely response to the OSC and declaration therewith, filed on January 10, 2025. (Doc. 10). Therein, counsel for Plaintiff declares that sanctions should not be imposed for failure to timely file dispositional documents "[f]or reasons [her] law firm cannot share due to attorney-client privilege, [as] issues with moving the settlement forward arose after the filing of the Notice of Settlement on November 20, 2024." (*Id.* ¶ 4). Counsel declares that her firm has worked diligently to resolve these issues, and they were believed to be resolved such that the parties would be able to file dismissal documents by the January 6, 2025, deadline, but that has since changed. (*Id.* ¶ 5). Thus, counsel for Plaintiff requests that the OSC regarding sanctions be discharged and/or continued based on the situation described, and that the Court extend the deadline to file dismissal documents to February 20, 2025. (*Id.* ¶ 6).

In light of the response to the OSC, and counsel for Plaintiff's representation that the failure to timely file dispositional documents is due to reasons she is unable to share with the Court due to attorney-client privilege, the Court will direct counsel for Plaintiff to file a declaration setting forth the purported good cause to further delay the filing of dispositional documents, accompanied by a motion to seal pursuant to Local Rule 141, for the Court's *ex parte* in-camera review. *See* E.D. L.R. 141(a)-(b).

**Conclusion and Order**

In light of the response to the OSC and declaration of counsel for Plaintiff, IT IS HEREBY ORDERED that:

1. Counsel for Plaintiff is DIRECTED to file **within seven (7) days** a declaration accompanied by a motion to seal pursuant to Local Rule 141 for the Court's *ex parte* in-camera review in which counsel explains the issues in moving forward with the settlement and preventing the parties from timely filing dispositional documents; and
2. The Order to Show Cause regarding sanctions (Doc. 9) is held in abeyance, subject to discharge upon counsel for Plaintiff's compliance with the above; and
3. The deadline to file dispositional documents is extended to **January 21, 2025**. No

further extensions of the deadline will be granted absent extraordinary circumstances.

IT IS SO ORDERED.

Dated: **January 13, 2025**

UNITED STATES MAGISTRATE JUDGE